# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| KENNETH A. THOMAS MD, LLC, a Connecticut limited liability company, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>PRACTICE BUILDERS, LLC, a North Carolina limited liability company,<br><br>    *Defendant*. | Case No.: |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Kenneth A. Thomas MD, LLC ("Plaintiff") brings this Class Action Complaint against Defendant Practice Builders, LLC ("Practice Builders"), to stop its practice of sending unauthorized and unwanted fax advertisements, and to obtain redress for all persons and entities injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

## NATURE OF THE ACTION

1. Practice Builders is a healthcare marketing and consulting firm offering services to medical, dental and healthcare practices as well as to hospitals and clinics.

2. In an attempt to generate sales leads, and ultimately increase its revenues, Practice Builders created a fax-based marketing campaign wherein it sent numerous unsolicited faxes advertising its products and services across the country.

3. Practice Builders sent the fax advertisements at issue to Plaintiff and members of the Class (defined below) despite having no previous relationship with them and never receiving the recipients' consent to receive such faxes.

4. As such, Practice Builders' fax advertisements violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and caused Plaintiff and members of the Class to suffer actual harm, including the aggravation and nuisance of receiving such faxes, the loss of use of their fax machines during the receipt of such faxes, increased labor expenses, and the loss of any ink and paper used to print them.

5. Accordingly, Plaintiff seeks an injunction requiring it to cease all unauthorized fax-based marketing activities, as well as an award of actual and statutory damages to the members of the Class, along with costs and reasonable attorneys' fees.

## PARTIES

6. Plaintiff Kenneth A. Thomas MD, LLC is a limited liability company organized and existing under the laws of the State of Connecticut. Thomas's principal place of business is located in Stratford, Connecticut, which is in this District.

7. Defendant Practice Builders is a limited liability company organized under the laws of the State of North Carolina, with its principal place of business at 1 Technology Drive, Building I, Suite 829, Irvine, California 92618. Practice Builders does business in the State of Connecticut and in this District.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute.

9. This Court has personal jurisdiction over Practice Builders and venue is proper in

this District because the wrongful conduct giving rise to Plaintiff's cause of action occurred in this District. Additionally, venue is proper in this District because Plaintiff Thomas resides in this District.

10. In addition, Practice Builders directs its marketing efforts toward this District, solicits customers in this District, and enters into business contracts in this District.

## COMMON FACTUAL ALLEGATIONS

11. Practice Builders is a healthcare marketing and consulting firm that offers its products and services to medical, dental and healthcare practices as well as to hospitals and clinics.

12. In order to boost sales and increase its revenues, Practice Builders sends numerous faxes advertising its business growth and development seminars to practitioners across the country. Practice Builders' business practice is to invite medical practitioners to attend these seminars, and then use the seminars as a means through which to market additional products and services.

13. Practice Builders sends these fax advertisements to individuals and businesses with which it has no prior relationship, and without their permission or consent, in violation of the TCPA.

14. The faxes sent by Practice Builders constitute advertisements because they promote the commercial availability of Practice Builders' seminars and professional services. The fax advertisements also serve as a pretext for Practice Builders to market additional products and services to fax recipients during and after the seminars identified in the fax advertisements.

15. Practice Builders used a telephone facsimile machine, computer or other device to send the fax advertisements at issue.

**FACTS SPECIFIC TO PLAINTIFF KENNETH A. THOMAS MD, LLC**

16. During April 2016, Practice Builders used a telephone facsimile machine to send an unsolicited fax advertisement to Plaintiff Thomas. (A true and accurate copy of the April 2016 fax advertisement is attached hereto as Exhibit A).

17. Practice Builders' fax promoted one of its "Strategic Growth & Success" events. (*See* Ex. A.) In marketing the event itself, Practice Builders also advertised each of its business development services that would be included with attending the event. (*See* Ex. A.) These events also serve as a means through which Practice Builders develops client contacts with practitioners like Plaintiff, and ultimately act as a marketing method that showcases a number of Practice Builders' goods and services.

18. Plaintiff Thomas had no prior business relationship with Practice Builders, and had never provided it with consent to receive advertisements through any medium, let alone facsimiles.

19. Practice Builders created the content of the fax advertisement, and transmitted it to Plaintiff and members of the Class with the intention of generating sales and increasing its revenues.

**CLASS ALLEGATIONS**

20. **Class Definition**: Plaintiff Thomas brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) individually and on behalf of a class defined as follows:

> All persons and entities who (i) in the four years preceding the filing of this action, (ii) received a telephone facsimile advertisement, (iii) sent by or on behalf of Practice Builders, (iv) for whom Practice Builders did not have a record of prior express consent to send the facsimile advertisements at the time they were sent.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over

this action and members of their families; (2) Practice Builders, Practice Builders' subsidiaries, parents, successors, predecessors, and any entity in which Practice Builders or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Practice Builders' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

21. **Numerosity**: The exact size of the Class is unknown and unavailable to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Practice Builders faxed unsolicited advertisements to thousands of individuals and entities who fall into the definition of the Class. Class membership can be easily determined from Practice Builders' records.

22. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff is a member of the Class, and if Practice Builders violated the TCPA with respect to Plaintiff, then it violated the TCPA with respect to the other members of the Class. Plaintiff and the Class sustained damages as a result of Practice Builders' uniform wrongful conduct.

23. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a)    How Practice Builders gathered, compiled, or obtained the fax numbers of Plaintiff and the Class;

    (b)    Whether Practice Builders' faxes advertised the commercial availability or quality of property, goods, or services;

(c) Whether Practice Builders sent the fax advertisements without first obtaining Plaintiff and the Class's prior express consent to do so;

(d) Whether Practice Builders sent the fax advertisements without first obtaining Plaintiff and the Class's prior permission or invitation to do so; and

(e) Whether Practice Builders' conduct was willful such that Plaintiff and the Class are entitled to treble damages.

24. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Practice Builders has no defenses unique to Plaintiff.

25. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Practice Builders has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Practice Builders' practices challenged herein apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Practice Builders' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

26. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Practice Builders' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Practice Builders' misconduct. Even if members of the Class could sustain

such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

**CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Class)**

27. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

28. The TCPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement. . . ." 47 U.S.C. § 227(b)(1)(C).

29. The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

30. The faxes sent by Practice Builders advertised the commercial availability and quality of its services and were commercial in nature. Additionally, the faxes at issue act as a pretext for Practice Builders to advertise additional goods and services to fax recipients during and after the seminars advertised in the faxes themselves. Therefore, Practice Builders' faxes are advertisements under the TCPA.

31. Practice Builders sent the facsimile advertisements at issue to Plaintiff and members of the Class without their prior express invitation or consent, and despite the lack of any prior business relationship between it and members of the Class.

32. By sending the unsolicited advertisement faxes at issue to Plaintiff and members of the Class without their prior express consent, Practice Builders violated 47 U.S.C. § 227(b)(1)(C).

33. As a result of Practice Builders' conduct, Plaintiff and members of the Class suffered actual damages, including the conversion or loss of paper and toner consumed in the printing of the faxes, the loss of use of the recipients' fax machines during the time required to receive, review and route the unauthorized faxes, as well as increased labor expenses.

34. Plaintiff and the Class are therefore entitled to a minimum of $500 in damages for each violation under 47 U.S.C. § 227(b)(3)(B). To the extent Practice Builders' misconduct is determined to be willful, the Court should treble the amount of statutory damages under 47 U.S.C. § 227(b)(3).

35. Additionally, as a result of Practice Builders' unlawful conduct, Plaintiff and the other members of the Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A), to ensure that Practice Builders' violations of the TCPA do not continue into the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Kenneth A. Thomas MD, LLC, on behalf of itself and the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Kenneth A. Thomas MD, LLC as the representative of the Class, and appointing its counsel as Class Counsel;

B. An order declaring that Practice Builders' actions, as set out above, violate the TCPA;

C. An order declaring that Practice Builders' faxes constitute unsolicited advertisements, and that Practice Builders sent the faxes without first obtaining prior express

invitation, permission or consent of the recipients, and enjoining Practice Builders from further violations, and otherwise protecting the interests of the Class;

      D.      An award of actual and statutory damages;

      E.      An award of pre-judgment interest;

      F.      An award of reasonable attorneys' fees and costs; and

      G.      Such further and other relief the Court deems reasonable and just.

### JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**KENNETH A. THOMAS MD, LLC**, individually and on behalf of all others similarly situated,

Dated: January 30, 17      By:  /s/ _____

Jonathan M. Shapiro (ct24075)
Attorney at Law
Shapiro Law Offices, LLC
32 Washington Street
Middletown, Connecticut 06457
*t* (860) 347-3325 | *f* (860) 347-3874

Stamford Office:
1 Stamford Plaza
263 Tresser Blvd., 9th Floor
Stamford, Connecticut 06901
*t* (203) 564-1520

Benjamin H. Richman*
brichman@edelson.com
Edelson PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff and the Classes*

\* *Pro Hac Vice* Admission to Be Sought