IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KENNETH A. THOMAS MD, LLC, | ) |
| *Plaintiff,* | ) ) ) CASE NO: 3:17-cv-00138-AWT |
| v. | ) ) |
| PRACTICE BUILDERS, LLC, | ) ) MAY 10, 2017 |
| *Defendant.* | ) |

## PRACTICE BUILDERS, LLC'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Practice Builders, LLC, for its Original Answer and Affirmative Defenses to Plaintiff's Class Action Complaint and Jury Demand ("Complaint") [Doc. No. 1] states:

### NATURE OF THE ACTION

1. Defendant admits the allegations in paragraph 1

2. Defendant denies the allegations in paragraph 2.

3. Defendant denies the allegations in paragraph 3.

4. Defendant denies the allegations in paragraph 4.

5. Defendant denies the allegations in paragraph 5.

### PARTIES

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6, and therefore denies the same.

7. Defendant admits the allegations in paragraph 7.

### JURISDICTION AND VENUE

8. Paragraph 8 asserts a legal conclusion to which no response is required. Unless expressly admitted, Defendant denies the allegations in paragraph 8.

9. Paragraph 9 asserts a legal conclusion to which no response is required. Unless expressly admitted, Defendant denies the allegations in paragraph 9.

10. Defendant admits the allegations in paragraph 10.

## COMMON FACTUAL ALLEGATIONS

11. Defendant admits the allegations in paragraph 11.

12. Defendant denies the allegations in paragraph 12.

13. Defendant denies the allegations in paragraph 13.

14. Defendant denies the allegations in paragraph 14.

15. Defendant denies the allegations in paragraph 15.

## FACTS SPECIFIC TO KENNETH A. THOMAS MD, LLC

16. The document attached to the Complaint as Exhibit A speaks for itself. Unless expressly admitted, Defendant denies the allegations in paragraph 16.

17. The document attached to the Complaint as Exhibit A speaks for itself. Unless expressly admitted, Defendant denies the allegations in paragraph 17.

18. Defendant denies the allegations in paragraph 18.

19. Defendant denies the allegations in paragraph 19.

## CLASS ALLEGATIONS

20. Paragraph 20 requires no response because it is not a factual allegation. Unless expressly admitted, Defendant denies the allegations in paragraph 20.

21. Defendant denies the allegations in paragraph 21.

22. Defendant denies the allegations in paragraph 22.

23. Defendant denies the allegations in paragraph 23 and subparagraphs (a) through (e).

24. Defendant denies the allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25.

26. Defendant denies the allegations in paragraph 26.

## CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Class)

27. Defendant incorporates all preceding paragraphs.

28. Paragraph 28 asserts a legal conclusion to which no response is required. Unless expressly admitted, Defendant denies the allegations in paragraph 28.

29. Paragraph 29 asserts a legal conclusion to which no response is required. Unless expressly admitted, Defendant denies the allegations in paragraph 29.

30. Defendant denies the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

32. Defendant denies the allegations in paragraph 32.

33. Defendant denies the allegations in paragraph 33.

34. Defendant denies the allegations in paragraph 34.

35. Defendant denies the allegations in paragraph 35.

## PRAYER FOR RELIEF

Plaintiff's prayer for relief does not contain any factual allegations. To the extent that any response is required to any paragraphs of Plaintiff's prayer for relief, Defendant denies that Plaintiff is entitled to any relief from and/or judgment against Defendant.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses with respect to the causes of action asserted against Defendant in the Complaint, without assuming the burden of proof for any issue as to which applicable law places the burden on the Plaintiff. Moreover, nothing stated herein is intended to be construed as an acknowledgment that any particular issue or subject matter

is relevant to Plaintiff's allegations. Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever. Defendant reserves the right to raise additional defenses not asserted herein of which it may become aware through discovery or other investigation, or as otherwise may be appropriate.

1. Plaintiff and putative class members lack standing because they have not sustained any injury.

2. Plaintiff and the putative class are barred from recovery, in whole or in part, because they gave prior express consent to receiving the fax at issue.

3. Plaintiff and the putative class are barred from recovery, in whole or in part, because Defendant shared an established business relationship with Plaintiff and/or putative class members.

4. Plaintiff and the putative class are barred from recovery, in whole or in part, because the penalties they seek are excessive and thus violate the due process clause of the Fifth Amendment and the due process clause of the Fourteenth Amendment.

5. Plaintiff and the putative class are barred from recovery, in whole or in part, because the fax at issue was sent by a third party acting outside the scope of its authority.

6. Plaintiff and the putative class are barred from recovery, in whole or in part, because the third party that sent the fax at issue shares no agency relationship with Defendant.

7. Plaintiff and the putative class are barred from recovery, in whole or in part, because Defendant did not knowingly or voluntarily violate the TCPA.

8. Plaintiff and the putative class are barred from recovery, in whole or in part, because they failed to mitigate their damages.

9. Plaintiff and the putative class members cannot recover attorney fees under the TCPA.

10. Any recovery by Plaintiff and/or the putative class members must be reduced in proportion to the wrongful or negligent conduct of persons or entities other than Defendant, including other parties to this lawsuit and/or third parties, under the principles of contribution, equitable allocation, recoupment, indemnity, set-off, proportionate responsibility, and/or comparative default.

11. To the extent that any relief sought by Plaintiff and the putative class members would be duplicative of relief sought by others in separate actions, subjecting Defendant to the possibility of multiple recoveries, such relief is barred by the Fifth and Eighth Amendments of the United States Constitution.

12. Defendant is entitled to credit for any payments made by Defendant or any third party towards any recovery Plaintiff and the putative class members seek in this lawsuit.

13. Any alleged damages to Plaintiff and the putative class members are the result of the acts or omissions of persons over whom Defendant has no control or responsibility.

14. Plaintiff and the putative class are barred from recovery, in whole or in part, based on the doctrine of estoppel.

15. Plaintiff and the putative class are barred from recovery, in whole or in part, because they waived the claims they assert in this lawsuit.

16. Plaintiff and the putative class are barred from recovery, in whole or in part, because Defendant acted reasonably and with due care and, at a minimum, substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

17. Defendant reserves its right to assert further affirmative and other defenses as may be appropriate, including defenses unique to individual members of the putative class.

WHEREFORE, Defendant Practice Builders, LLC respectfully requests and prays that Plaintiff and the putative class members take nothing on their claims and causes of action; and for such other and further relief, in law and equity, as Defendant may show itself justly entitled.

Respectfully submitted,

**DEFENDANT PRACTICE BUILDERS, LLC**

By: */s/ John M. Doroghazi*
John M. Doroghazi (ct28033)
WIGGIN AND DANA LLP
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
(203) 498-4400
(203) 782-2889 fax
jdoroghazi@wiggin.com

Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2017, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's EM/ECF system.

                                                  */s/ John M. Doroghazi*
                                                John M. Doroghazi